New Jersey Department of Labor,
Workmen's Compensation Bureau.

EDWARD J. FICK, PETITIONER, v. AMERICAN MUTUAL LIABILITY INSURANCE COMPANY, RESPONDENT.

Decided May 12, 1948.

For the petitioner, *Joseph Butt.*

For the respondent, *Richard D. Porter (John W. Taylor).*

This is a proceeding brought by Edward J. Fick, as petitioner, against American Mutual Liability Insurance Company, as respondent, seeking compensation under and by virtue of the terms and provisions of *R. S.* 34:15–1, *et seq.; N. J. S. A.* 34:15–1, *et seq.,* "prescribing the liability of an employer to make compensation for injuries received by an employee in the course of employment, establishing an elective schedule of compensation and regulating the procedure for determination of liability and compensation thereunder."

A petition and answer thereto were duly filed with the secretary of the Workmen's Compensation Bureau, at his office in Trenton, New Jersey. In the regular course this matter came on for hearing before me, Maurice A. Kaltz, a Deputy Commissioner of Compensation, at the Bureau Chambers in Perth Amboy, New Jersey, on February 24th, 1948.

The pertinent facts as produced at the hearing were that the petitioner was regularly employed on a salary basis as a

claim representative by the respondent company. On June 17th petitioner, while so employed, was injured during his participation in a one-legged contest while attending a picnic sponsored by Amlico Associates, which is an association of employees of the respondent company and of which association petitioner was a member and as a member contributed toward the expenses of the picnic. The petitioner was requested to attend the picnic by one of his superiors. June 17th was a usual work day and on that day petitioner had three alternative choices of conduct which were: 1. To work on a skeleton crew in the office; 2. To pursue his normal duties; or 3. To go to the picnic. The choice was a voluntary choice with no penalty attached. In any event, no matter which course he took, petitioner was paid his salary.

After duly considering all the evidence produced at the hearing had in this matter I find and determine that the picnic was sponsored by an association of respondent's employees; namely, Amlico Associates. The participation and injury of petitioner in the games conducted at the picnic was not related to the employment in the statutory sense nor was the injury the result of a risk inherent in or incident to the employment. The respondent company merely accorded petitioner the privilege of attending a picnic if he so desired. Petitioner's attendance at the picnic was purely a voluntary one with no penalty attached for failure to attend. The petitioner was not under the supervision and control of the respondent at the time of the alleged accident. Any injuries that he sustained while participating in any games at the picnic were not the result of an accident arising out of and in the course of his employment. The principle of "mutual benefit" is not applicable nor were any proofs offered to afford a basis for application of such principle.

Ordered that the petition filed herein be, and the same is hereby dismissed, and judgment is hereby entered in favor of the respondent against the petitioner on this 12th day of May, 1948.

MAURICE A. KALTZ,
*Deputy Commissioner.*